**Electronically Filed
Intermediate Court of Appeals
30560
19-OCT-2010
10:40 AM**

NO. 30560

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CACH, LLC, Plaintiff-Appellee, v.
LORRAINE MENEZ, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC09-1-12299)


ORDER OF DISMISSAL
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we lack jurisdiction over Plaintiff-Appellant Cach, LLC's (Appellant), appeal from the May 13, 2010 "Order Granting in Part and Denying in Part Plaintiff's 'Motion to Set Aside Dismissal or, in the Alternative, to Re-Designate the Dismissal as One Without Prejudice' Filed on April 5, 2010" (the May 13, 2010 order), because the district court has not yet entered a written final judgment or written final order in this case that is appealable pursuant to Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009).

> Pursuant to HRS § 641-1(a), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. When a written judgment, order, or decree ends the litigation by fully deciding all rights and

> liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). In district court cases, Rule 58 of the District Court Rules of Civil Procedure (DCRCP),

> in contrast to HRCP Rule 58, does not by its plain language require that judgment be set forth on a "separate document." Thus, the requirements set forth in Jenkins [v. Cades Schutte Fleming & Wright, 76, Hawai'i 115, 869 P.2d 1334 (1994)], are not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Id. at 427, 984 P.2d at 1253. The district court has not entered a written judgment or written order in this case that fully decides the rights and liabilities of the parties. Although the district court indicated in district court minutes that the district court intended to dismiss this case, "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). In the absence of a final written judgment or final written order that resolves all the claims in this case, the district court case has not yet concluded and we lack appellate jurisdiction to review the orders that the district court has entered thus far.

Granted, the district court entered the May 13, 2010 order that resolved Appellant's motion to set aside the dismissal order, purportedly pursuant to DCRCP Rule 60(b), and,

furthermore, in appeals from circuit court cases that are governed by the Hawai'i Rules of Civil Procedure (HRCP), the supreme court has held that "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003) (citation omitted). However, HRCP Rule 60(b) authorizes relief only "from a final judgment, order, or proceeding,"Cho v. State, 115 Hawai'i 373, 382, 168 P.3d 17, 26 (2007) (internal quotation marks omitted) (emphasis added), and the supreme court has emphasized that the word "final" emphasizes the character of the judgments, orders or proceedings from which HRCP Rule 60(b) affords relief. Cho, 115 Hawai'i at 382-83 n.17, 168 P.3d at 26-27 n.17. The supreme court "has defined 'final order' to mean an order ending the proceedings, leaving nothing further to be accomplished. Consequently an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action" Id. at 383, 168 P.3d at 27. Thus, for example, where a party moved for reconsideration of a sanction order at a time when "a final judgment or order had not yet been entered[,] . . . . relief pursuant to HRCP Rule 60(b) was not available in relation to the aforementioned sanctions order." Id. Prior to the entry of a final judgment in a circuit court case, "the trial court has inherent power to reconsider interlocutory orders." Id. Therefore, "Rule 60(b) applies to motions seeking to amend final orders in the nature of judgments." Tradewinds Hotel, Inc. v. Conchran, 8 Haw. App. 256, 262, 799 P.2d 60, 65 (1990) (emphasis added).

Similar to HRCP Rule 60(b), DCRCP Rule 60(b) authorizes relief only from "a _final_ judgment, order, or proceeding[.]" DCRCP Rule 60(b) (emphasis added). Again, although the district court indicated an intent to dismiss the case, it has not yet entered a written final judgment or written final order that ended the district court case, leaving nothing further to be accomplished. Therefore, in the absence of any final written judgment or final written order, the May 13, 2010 order is not an appealable post-judgment order, but, instead, the May 13, 2010 order is an interlocutory order that will not be eligible for appellate review until the district court enters an written final judgment or written final order from which a party asserts a timely appeal.

Absent a written final judgment or written final order that finally determines all of the claims in this case, Appellant's appeal is premature, and, thus, we lack jurisdiction over appellate court case number 30560. Accordingly,

IT IS HEREBY ORDERED that Appeal No. 30560 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 19, 2010.

Presiding Judge

Associate Judge

Associate Judge

-4-